# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

FILED 08 FEB -6 AM 11:04
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## ARREST ON OUT-OF-DISTRICT OFFENSE

CASE NUMBER: **08 MJ 0340**

The person charged as **DIAZ, Samuel Servin** now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the **Eastern** District of **Pennsylvania** on **09/26/07** with: **Title 21 USC 846** in violation of:

**CONSPIRACY TO DISTRIBUTE 5 Kilograms or more Cocaine; Possession w/Intent to Distribute 5 kilograms or more Cocaine; Aiding and Abetting**

The charging documents and the warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: **02/06/08**

_Van Bayless_
CI - Deputy United States Marshal

Reviewed and Approved
DATE: 2/6/08

_(signature)_
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## Eastern District of Pennsylvania

UNITED STATES OF AMERICA

v.

SAMUEL SERVIN DIAZ aka "20"

**WARRANT FOR ARREST**
Case Number CR 06-537-06

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest SAMUEL SERVIN DIAZ and bring him or her forthwith to the nearest magistrate to answer a(n) SS Indictment charging him or her with

Conspiracy to Distribute 5 Kilograms or more Cocaine; Possession w/Intent to Distribute 5 Kilograms or more Cocaine; Aiding & Abetting

in violation of Title United States Code, Section(s) 21:846, 21:841, 18:2

**MICHAEL E. KUNZ**
Name and Title of Issuing Officer

_[signature]_ — 9/26/07, PHILA, PA.
Signature of Issuing Officer           Date and Location

Bail fixed at $ 0 by HON. L. FELIPE RESTREPO
Name of Judicial Officer

---

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

_____

Date Received _____ Date of Arrest _____

Name and Title of Arresting Officer _____

Signature of Arresting Officer _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED:    <u>September 26, 2007</u> |
| **LUIS FERNANDEZ RUIZ-HERRERA** | : | VIOLATION: |
| **JORGE MARTINEZ-LEON,** | | 21 U.S.C. § 846 (conspiracy to distribute |
| **GENERO GOMEZ-CORDOVA,** | : | 5 kilograms or more of cocaine - 1 count) |
| **SAMUEL SERVIN DIAZ,** | | 21 U.S.C. § 841 (possession with the intent |
| aka "20," | : | to distribute 5 kilograms or more of cocaine - |
| **JUAN JOSE PRIETO LOPEZ,** | | 1 count) |
| **PAUL KING,** | : | 18 U.S.C. § 2 (aiding & abetting) |
| **CHARLES HOGAN,** | | Notice of forfeiture |
| aka "Snap," and | : | |
| **JEFFREY DAVIS** | | |

## SUPERSEDING INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. From on or about May 6, 2005, through on or about February 14, 2006, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

LUIS FERNANDEZ RUIZ-HERRERA,
JORGE MARTINEZ-LEON,
GENERO GOMEZ-CORDOVA,
SAMUEL SERVIN DIAZ,
a/k/a "20,"
JUAN JOSE PRIETO LOPEZ,
PAUL KING,
CHARLES HOGAN,
a/k/a "Snap," and
JEFFREY DAVIS

conspired and agreed, together and with others known and unknown to the grand jury, to knowingly and intentionally distribute 5 kilograms or more, that is, approximately 154 kilograms, of a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## MANNER AND MEANS

It was a part of the conspiracy that:

2. Defendants **LUIS FERNANDEZ RUIZ-HERRERA, JORGE MARTINEZ-LEO, GENERO GOMEZ-CORDOVA, SAMUEL SERVIN DIAZ, JUAN JOSE PRIETO LOPEZ, PAUL KING, CHARLES HOGAN,** and **JEFFREY DAVIS** were members of a drug organization that shipped kilograms of cocaine from Laredo, Texas and Los Angeles, California to Philadelphia, Pennsylvania and other locations in the United States.

3. Defendants **LUIS FERNANDEZ RUIZ-HERRERA, JORGE MARTINEZ-LEON, GENERO COMEZ-CORDOVA, SAMUEL SERVIN DIAZ,** and **JUAN JOSE PRIETO LOPEZ** arranged for the transportation of cocaine, in multi-kiogram quantities, by tractor trailer to Philadelphia and other locations.

4. Defendants **PAUL KING, CHARLES HOGAN** and **JEFFREY DAVIS** arranged to receive and take possession of the cocaine delivered to Philadelphia, Pennsylvania.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, the defendants, others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

### THE PHILADELPHIA SHIPMENT

1. From in or about May 2005 to in or about June 2005, defendants **LUIS FERNANDEZ RUIZ-HERRERA, JORGE MARTINEZ-LEON** and **GENERO GOMEZ-**

CORDOVA and others known and unknown to the grand jury arranged the transportation of approximately 89 kilograms of cocaine, which was secreted inside a hollow steel pole, to Philadelphia, Pennsylvania, via tractor trailer from Laredo, Texas.

2. In or about May 2005, defendants **LUIS FERNANDEZ RUIZ-HERRERA,** and **JORGE MARTINEZ-LEON** instructed an individual known to the grand jury, hereafter referred to as "CS," to go to Laredo, Texas from Los Angeles, California to pick up cocaine for transportation to the east coast of the United States.

3. On or about May 12, 2005, defendant **GENERO GOMEZ-CORDOVA** met with CS in Laredo, Texas.

4. In or about June 2005, defendants **LUIS FERNANDEZ RUIZ-HERRERA,** and **JORGE MARTINEZ-LEON** again instructed the CS to go to Laredo, Texas from Los Angeles, California to pick up cocaine for transportation to the east coast of the United States.

5. On or about June 24, 2005, in Laredo, Texas, defendant **GENERO GOMEZ-CORDOVA** met CS and took possession of the empty trailer that the CS brought to Laredo, Texas from California.

6. On or about June 25, 2005, defendants **GENERO GOMEZ-CORDOVA SAMUEL SERVIN DIAZ, and JUAN JOSE PRIETO LOPEZ** met CS and gave him back the trailer, which had been loaded with approximately 89 kilograms of cocaine.

7. On or about June 25, 2005, defendant **JORGE MARTINEZ-LEON** contacted CS by telephone and instructed him to drive the tractor trailer containing the cocaine to Philadelphia, Pennsylvania.

On or about June 28, 2005

8. When CS, driving the tractor trailer, arrived in Philadelphia, he was directed by defendants **SAMUEL SERVIN DIAZ and JEFFREY DAVIS** to a lot located at 2600 W. Dauphin Street in Philadelphia, which was controlled by defendant **PAUL KING**.

9. When CS arrived at the lot, defendants **SAMUEL SERVIN DIAZ, JUAN JOSE PRIETO LOPEZ, PAUL KING, CHARLES HOGAN and JEFFREY DAVIS** arranged for the use of a forklift to lift a steel pole off the bed of the trailer, used cutting equipment to cut open the steel pole, and removed the cocaine from the pole.

10. Defendants **SAMUEL SERVIN DIAZ, JUAN JOSE PRIETO LOPEZ, PAUL KING and CHARLES HOGAN** loaded the cocaine, which was contained in duffle bags, into a white van.

11. Defendant **SAMUEL SERVIN DIAZ**, followed closely behind by defendants **PAUL KING and JUAN JOSE PRIETO LOPEZ,** drove the white van containing the cocaine to Germantown Avenue and Dounton Street in Philadelphia.

12. Defendants **PAUL KING and JUAN JOSE PRIETO LOPEZ** entered a bar located at Germantown Avenue and Dounton Street.

13. Defendant **CHARLES HOGAN** met with defendant **SAMUEL SERVIN DIAZ**, removed a duffle bag from the white van, and loaded it into the vehicle defendant **HOGAN** was driving.

### THE DETROIT/CHICAGO SHIPMENT

14. On or about February 10, 2006, defendant **JORGE MARTINEZ-LEON** met with CS in California to discuss transportation of a load of cocaine from California to either Chicago, Illinois or Detroit, Michigan. Defendant **JORGE MARTINEZ-LEON** informed CS that he would be paid $500 per kilogram of cocaine to transport the cocaine.

4

On or about February 14, 2006:

15. Defendant **LUIS FERNANDEZ RUIZ-HERRERA** led CS who was driving his tractor trailer to the Anaheim overpass at the open lot in Wilmington, CA.

16. Defendant **LUIS FERNANDEZ RUIZ-HERRERA** led a male who was driving a green 1998 Toyota Camry to the area where the CS had parked his tractor trailer. The male loaded approximately 64 kilograms of cocaine from the Camry onto the tractor trailer.

17. Defendant **JORGE MARTINEZ-LEON**, driving a separate vehicle, followed the tractor trailer as CS drove the cocaine from the lot and onto a highway.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

From on or about May 6, 2005, through on or about June 28, 2005, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LUIS FERNANDEZ RUIZ-HERRERA,
JORGE MARTINEZ-LEON,
GENERO GOMEZ-CORDOVA,
SAMUEL SERVIN DIAZ,
aka "20,"
JUAN JOSE PRIETO LOPEZ,
PAUL KING,
CHARLES HOGAN,
aka "Snap," and
JEFFREY DAVIS**

knowingly and intentionally possessed with intent to distribute, and aided and abetted the possession with intent to distribute of, 5 kilograms or more, that is, approximately 89 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1.  As a result of the violations of Title 21, United States Code, Section 846, set forth in this superseding indictment, defendants

LUIS FERNANDEZ RUIZ-HERRERA,
JORGE MARTINEZ-LEON,
GENERO GOMEZ-CORDOVA,
SAMUEL SERVIN DIAZ,
aka "20,"
JUAN JOSE PRIETO LOPEZ,
PAUL KING,
CHARLES HOGAN,
aka "Snap," and
JEFFREY DAVIS

shall forfeit to the United States of America:

(a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and

(b) any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense.

2.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without

difficulty;

(f)  it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**


_____
**PATRICK L. MEEHAN**
**UNITED STATES ATTORNEY**

United States Marshals Service
LIMITED OFFICIAL USE
DIAZ, SAMUEL SERVIN (FID 1400089)



